IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISTA PEAK VENTURES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00262-JRG |
| | § | |
| HISENSE CO. LTD.,  HISENSE VISUAL | § | |
| TECHNOLOGY CO., LTD,  HISENSE | § | |
| INTERNATIONAL (HONG KONG), | § | |
| HISENSE INTERNATIONAL CO., LTD., | § | |
| HISENSE IMPORT & EXPORT CO. LTD., | § | |
| HISENSE INTERNATIONAL (HK) CO., | § | |
| LTD.,  HISENSE ELECTRONICA | § | |
| MEXICO S.A. DE C.V.,  HISENSE | § | |
| INTERNATIONAL (HONG KONG) | § | |
| AMERICA INVESTMENTS CO., LTD., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Special Appearance to Present Motion to Dismiss or Quash Based on Insufficient Service of Process (the "Motion") filed by Hisense Co. Ltd., Hisense Visual Technology Co., Ltd, Hisense International (Hong Kong), Hisense International Co., Ltd., Hisense Import & Export Co. Ltd., Hisense International (HK) Co., Ltd., Hisense Electronica Mexico S.A. De C.V., and Hisense International (Hong Kong) America Investments Co., Ltd (together, "Hisense"). (Dkt. No. 12.)  Identical motions were filed in Case Nos. 2:21-cv-260 and 2:21-cv-263 before a consolidation order (Dkt. No. 23) was entered in this case. (*See* Dkt. No. 12 in Case No. 2:21-cv-260 and Dkt. No. 13 in Case No. 2:21-cv-263.)  Having considered the Motion, and for the reasons set forth herein, the Court finds that the Motion should be and hereby is **DENIED**. Also, Hisense's Motion to Stay Pending Resolution of Motion to Dismiss or Quash Based on Insufficient Service of Process (Dkt. No. 46) is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff Vista Peak Ventures, LLC ("VPV") filed this lawsuit on July 14, 2021 alleging infringement of six (6) patents. (Dkt. No. 1.) On September 21, 2021, VPV filed a Motion for Service of Process requesting assistance from the Clerk to serve foreign defendants. (Dkt. No. 4.) On October 12, 2021, the Court denied VPV's Motion for Service of Process, explaining that VPV's request contravened the Hague Convention and China's specific objection to the manner of alternative service requested (i.e., having the Clerk of Court send a copy of the Complaint and Summons via FedEx to the principal offices of Hisense in China).

Thereafter, in the summer of 2022, VPV continued its attempts at service on Hisense's American subsidiary in Suwanee, Georgia. (Dkt. No. 17-1 at ¶ 4.) On September 7, 2022, VPV filed a summons executed and returned purporting to have effectuated service on "Wenpeng Jia – CFO, who is designated by law to accept service of process on behalf of HISENSE CO. LTD (USA) . . . ." (Dkt. No. 11.)

Hisense filed this Motion on September 13, 2022 requesting the Court dismiss the action for insufficient process, or quash the service of summons because the summons does not name a defendant named in the Complaint. (Dkt. No. 12 at 1.)

VPV filed a Notice of Readiness for Scheduling Conference on September 19, 2022 (Dkt. No. 13), a scheduling conference was held on November 17, 2022, and the parties submitted their proposed Docket Control Order on December 1, 2022. (*See* Dkt. No. 32.) Meanwhile, the parties continued briefing their positions on Hisense's Motion. (*See* Dkt. Nos. 17, 22, 27.) Hisense did not object to setting a schedule and continued to participate in the case.

Notably, counsel for Hisense filed a Notice of Appearance on November 17, 2022 (Dkt. No. 31), and on December 20, 2022, Hisense filed a Motion to Amend Docket Control Order (Dkt.

2

No. 40), which the Court granted. (Dkt. No. 41.) Hisense has not yet filed an answer to the Complaint.

## II. LEGAL STANDARD

The rules of civil procedure specify the manner by which a defendant may object to a plaintiff's failure to serve process. Under Rule 12(b), a defendant may move for dismissal based on the court's lack of personal jurisdiction, the insufficiency of process, or the insufficiency of service of process. FED. R. CIV. P. 12(b)(2), (4)–(5).

Federal Rule of Civil Procedure 4 establishes the procedures for service of process. Rule 4(a)(1) specifies the contents of the summons, which must "name the court and the parties," and must "be directed to the defendant." "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1).

For Hisense Co. Ltd.—a foreign corporation—if served outside the United States, service must be performed "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Rule 4(f), in turn, states that an individual in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," among other methods.

Meanwhile, if served in a judicial district of the United States, service must be performed "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and— if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(B).

"[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "When a district court finds insufficient process or insufficient service, it may either dismiss the suit for failure to effect service or quash the service, giving the plaintiff an opportunity to re-serve the defendant." *Williams v. CVS*, 2010 WL 11632868, at *3 (E.D. Tex. Sept. 15, 2010). However, "[t]he district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Labor, Occupational Safety and Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986). "[C]ourts have observed that dismissal for insufficient service of process is generally not appropriate unless there is no reasonably conceivable means of acquiring jurisdiction over the party." *IntelliGender, LLC v. Soriano*, 2011 WL 903342, at *5 (E.D. Tex. Mar 15, 2011) (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)).

## III. DISCUSSION

Rule 12 permits a defendant to object to "insufficient process" under section (b)(4) or "insufficient service of process" under section (b)(5). FED. R. CIV. P. 12(b)(4), (5). As an initial matter, the Court first addresses the differences between a motion pursuant to Rule 12(b)(4) and Rule 12(b)(5). A motion under 12(b)(4) challenges the form of the summons, whereas a 12(b)(5) motion asserts that the method of service itself was deficient. *See IntelliGender, LLC v. Soriano*, 2011 WL 903342, at *4 (E.D. Tex. Mar. 15, 2011).

Hisense does not specifically identify section (b)(4) or (b)(5) in its briefing, but Hisense appears to object to both the form of process and method of service. (*See* Dkt. No. 12 at 2–3; Dkt. No. 22 at 2–4.) Hisense also takes issue with the timing of VPV's attempted service occurring months after the three-month time limit required by Rule 4(m). The Court addresses each issue in turn.

### A. Rule 12(b)(5)

As to the method of service, Hisense argues that VPV's attempted service, whether that be on the non-existent entity "Hisense Co. Ltd. (USA)" listed in the "To:" field of the summons, or the non-party U.S.-subsidiaries of Hisense in Suwanee, Georgia (e.g., Hisense USA Corp., among others), is improper as Rule 4 requires service on a defendant identified in the complaint. (Dkt. No. 12 at 1; Dkt. No. 22 at 2.)  Hisense cites the general principle that a foreign corporation cannot be served through its American subsidiary without a substantial showing that the two are functionally indistinguishable. *See Murdock v. Volvo of Am. Corp.*, 403 F. Supp. 55 (N.D. Tex. 1975).

VPV argues that it properly effected service on Hisense Co. Ltd., the Chinese parent and a named defendant, under Rule 4(h)(1)(B) by serving a copy of the complaint and summons on a managing agent of Hisense at the "Hisense America" location in Suwanee, Georgia. (Dkt. No. 17 at 5.)  VPV points out that Wenpeng Jia, who accepted service as CFO of Hisense USA Corp. on August 23, 2022 (Dkt No. 22-2 at 1), is listed as the CFO of each of the following entities by the Georgia Secretary of State's Corporation Division:

- Hisense Electronics Manufacturing Company of America Corporation
- Hisense USA Corporation
- Hisense USA Multimedia R & D Center Inc.
- Hisense Electronics Technology Company of America, Inc.

(Dkt. No. 17-3.)  VPV asserts that such entities, which it refers to as "Hisense America" companies, are a managing agent for Hisense. (Dkt. No. 17 at 4.)  For example, "[a]s alleged in VPV's Complaint, the Hisense America entities import, distribute, and sell the accused products in this case 'on behalf of and for the benefit of the Hisense Defendants' in the United States." (*Id.* at 4–5 (citing Dkt. No. 1 at ¶ 11).)  Hisense responds that "[t]he 'managing or general agent' of

5

Hisense USA Corp. is not the equivalent of 'managing or general agents' for other Hisense entities." (Dkt. No. 22 at 2.)

Many courts have wrestled with the definition of "managing or general agent." The Fifth Circuit has recognized that "one invested with general powers involving the exercise of independent judgment and discretion is such an agent." *Jim Fox Enters., Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981). Without wading into the fray of that discussion, this Court finds that in this case, Mr. Wenpeng Jia, the CFO who accepted service, is at least an "officer" of Hisense for the purposes of Rule 4(h)(1)(B). Thus, by delivering a copy of the summons and of the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," VPV has satisfied Rule 4(h)(1)(B).

Hisense appears to argue that Mr. Jia is not a "managing or general agent" of Hisense because Hisense USA Corp. and other Hisense entities may have different "managing or general agents." (Dkt. No. 22 at 2–3.). Hisense also argues that "[t]he CFO listed for Hisense USA Corp. is not a part of any Hisense international affiliate." (*Id.* at 3.) However, in Hisense's own words, "Hisense USA is the U.S. headquarters that was established by our parent company—Hisense— in Suwanee, GA . . . ." (Dkt. No. 17 at 4.) VPV has also alleged that Hisense's U.S.-based subsidiaries "share the same corporate structure and operate as a part of a related group of parent companies, subsidiaries, and close associates" (Dkt. No. 1 at ¶ 12) to which Hisense has provided no response. This coupled with VPV's allegations that the Hisense America entities import, distribute, and sell the accused products on behalf of the Hisense Defendants, and by virtue of Mr. Jia's corporate title as Chief Financial *Officer*, which clearly entails independent discretion as a C-suite-level officer of the company, the Court finds the facts in this case are sufficient to find service proper under Rule 4(h)(1)(B). Hisense's argument—that VPV must show the foreign parent and

domestic subsidiary of Hisense are functionally indistinguishable—is not persuasive and does not rebut VPV's showing.

While this Court denied VPV's motion for service of process pursuant to Rule 4(f)(2)(C)(ii) and Rule 4(f)(3), (Dkt. No. 8), service under the Hague Convention is not the exclusive way that Hisense can be served. Other methods exist, and Rule 4(h)(1)(B) is one such avenue.

### B. Rule 12(b)(4)

Next, as to the form of process, Hisense argues that service is insufficient because it does not name a corporate entity that VPV identified as a party in its complaint. (Dkt. No. 12 at 2.) Namely, "Hisense Co. Ltd. (USA)," listed in the "To:" field of the summons, (Dkt. No. 11), is a non-existent entity, which "creates impermissible confusion that prejudices Defendants in obscuring whether VPV seeks to sue a domestic corporation, or seeks to improperly side-step Hague Convention procedures to sue separate foreign affiliates." (Dkt. No. 22 at 2.) Hisense argues that it has been prejudiced as a result of the misnaming because of this confusion. (*Id.* at 4.)

VPV argues that any minor technical defects in the name on the summons do not justify dismissal. (Dkt. No. 17 at 5.) Hisense Co. Ltd., a named defendant, is the top-level parent company of Hisense, having no parent itself and with no publicly held corporation owning 10% or more of its stock. *See, e.g., Maxwell v. Hisense Co., Ltd. et al.*, No. 5:19-cv-156-RWS, Dkt. No. 25 (E.D. Tex. June 23, 2020) (defendants' corporate disclosure statement). VPV represents that the added parenthetical "(USA)" in the name listed in the "To:" field in the summons is a technical defect, and moreover, the summons names several of the Hisense Defendants in its caption. (Dkt. No. 17 at 5–6.)

As this Court has recognized, "[c]ourts liberally construe the process requirements under Rule 4(b). As long as the summons is sufficiently accurate to give proper notice, the error will be

deemed harmless, and the party will be allowed to amend the summons." *Blitzsafe Texas, LLC v. Jvckenwood Corp.*, No. 2:21-cv-163-JRG, Dkt. No. 63 (E.D. Tex. Dec. 15, 2021); *see also Time Prods. v. J. Tiras Classic Handbags, Inc.*, 1994 WL 36390, at *4 (S.D.N.Y. July 13, 1994); *May v. Texas by Cascos*, 2017 WL 7513550, at *3 (N.D. Tex. Nov. 27, 2017). The Court finds that the addition of the parenthetical "(USA)" in the "To:" field on page one of the summons and on page two to be harmless.

It is clear from the record that Hisense received actual notice of the lawsuit. Throughout this case, Hisense has been represented by counsel from a sophisticated law firm and has been involved in negotiations with VPV, even at the principal-to-principal level. (*See* Dkt. No. 17 at 10; Dkt. No. 17-1 at ¶ 5.) Although Hisense alleges confusion and prejudice regarding which entity is being sued, Hisense's argument that the defect "leaves the summons bereft of requisite notice as to what particular entity VPV is attempting to sue" is unavailing. (Dkt. No. 22 at 3.) To the extent there is any question as to "what particular entity" is the target of this suit, such is easily resolved by reviewing the contents of the complaint and the caption appearing in the various documents accompanying the summons.

C. **Rule 4(m)**

As to timing, Hisense argues that VPV was required to serve Hisense within 90 days after its Complaint was filed on July 14, 2021. (Dkt. No. 12 at 3.) At the time of filing its Motion, fourteen (14) months had passed since the Complaint was filed and VPV still had not even attempted service through the Hague Convention. (*Id.*; Dkt. No. 22 at 5.)

VPV argues that the Court should extend any applicable time limits for service as necessary because good cause exists. (Dkt. No. 17 at 8–9.) VPV also argues that Rule 4(m) does not apply to service in a foreign country, and "each of the Hisense Defendants is organized and located in a foreign country." (*Id.*)

8

Initially, the Court notes that Rule 4(m) does not apply "to service in a foreign country under Rule 4(f), 4(h)(2) or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A). FED. R. CIV. P. 4(m). However, the rule certainly does apply to VPV's purported service under Rule 4(h)(1), which was carried out in Georgia.

Accordingly, the Court turns to the issue of VPV's timeliness in serving Hisense. "[W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original).

VPV contends that there is good cause for an extension of time because service on Hisense's officer/managing agent in Suwanee, Georgia was initially sought on August 12, 2021, which is within the Rule 4(m) time limits. (Dkt. No. 17 at 10.) VPV explains that service was delayed at the Suwanee, Georgia location because Mr. Jia initially refused service before ultimately accepting it on the fourth attempt. Also, in the meantime, VPV moved the Court for alternative service, which was denied, and the parties engaged in meaningful licensing discussions prior and subsequent to the filing of this case, which included discussions about Hisense being granted an extension of time to answer or waiving service. (*Id.*) Hisense, in contrast, argues that VPV's many-months-long delay is indefensible, as it has still not attempted proper service through the Hague Convention and has provided no explanation for its lapse. (Dkt. No. 22 at 5.)

Having reviewed the record in this case, rather than dismissal, the Court has determined that the better course of action is to order that any applicable deadline for VPV's service on Hisense be **extended**. The Court finds that good cause exists for VPV's failure to effect service on Hisense

9

within 90 days after filing its Complaint by virtue of its multiple service attempts and Hisense's representations that it would be amenable to waiving service in exchange for a 135-day extension early in the case. (*See* Dkt. No. 17 at 10.) Thus, VPV's service on Hisense is deemed timely.

### D. Alternative Grounds – Waiver

Unlike subject matter jurisdiction, the above objections can be waived. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Even when a defendant has raised a defense on these grounds, a defendant can nevertheless waive such defense by his subsequent conduct. *See id.* at 702–07. Such conduct may include defendant's filing of a motion to provide it with some benefit, which is an "affirmative action" impliedly recognizing the court's jurisdiction. *Maiz v. Virani*, 311 F.3d 334, 340–41 (5th Cir. 2002); *see also Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240 (5th Cir. 2020).

After filing its Motion, counsel for Hisense not only filed an appearance (Dkt. No. 31), but also filed a motion requesting an extension of the deadline for it to comply with its discovery obligations. (Dkt. No. 37.) The Court granted the relief requested by Hisense. (Dkt. No. 39.) Hisense also filed notices notifying the Court of its compliance with other discovery obligations, including P.R. 3-3 and 3-4. (Dkt. No. 42.) As an alternative to the analysis set forth above, the Court finds Hisense's conduct signaled its intent to litigate the case on the merits. For example, Hisense sought to amend the Docket Control Order to afford it an extension of time to comply with certain discovery obligations (Dkt. No. 37), which is an "affirmative action" recognizing the Court's jurisdiction. *Maiz*, 311 F.3d at 340. Thus, in addition to the above analysis, the Court finds that Hisense has waived its special appearance to contest any defects in service, and is properly before the Court.

## IV. CONCLUSION

Based on the foregoing, Hisense's Motion is **DENIED**. Hisense's identical motions in Case No. 2:21-cv-260 (Dkt. No. 12) and Case No. 2:21-cv-263 (Dkt. No. 13) are **DENIED** for the same reasons.

**So ORDERED and SIGNED this 14th day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE